Stratton, J.,
dissenting. I respectfully dissent and join Justice Cook’s dissent. This was a tragic death and my sympathies are the same as those of the majority of this court. There is great temptation to awárd Patterson’s widow a sum greater than $33.11 per week. It is easy to do with the stroke of a pen. But to do so requires that we invalidate an entire statutory system based solely on the definition of “employee,” without taking into account all of the other circumstances that legitimately surround that single word.
Ohio’s workers’ compensation system is designed to provide protection to the employee for work-related injuries without relation to fault. In return, the employer is protected from suits, but funds the system. Thousands of Ohio companies, large and small, contribute to provide the financial basis of workers’ compensation. The cost and risks are spread broadly throughout the system, but those who benefit from the employee’s work shoulder the burden of its costs.
The work-relief system is wholly different in character and purpose. It is a system of public works designed to supplement welfare. It is not funded by employers who benefit from such work. Instead, it is funded by the taxpayer, as is the rest of the welfare system. Although the legislature added a workfare-related compensation plan, the plan specifically related to the workfare and was an extension of welfare protection. It is distinguished by statute from the employer-funded workers’ compensation system.
*210 The majority would now discard the entire system under an equal protection argument because appellant’s decedent was an “employee” and because cost should be no deterrent. But as Justice Cook pointed out, the equal protection argument fails because the two systems are wholly unequal in purpose, character, and basis. The beneficiary of a workfare employee who dies as a result of a work-related injury will now receive far greater benefits than the workfare employee received when alive from a system funded by the taxpayer — an extended, increased welfare benefit.
This is a decision that should not be made by the courts under the guise of “equal protection.” There are enormous costs associated with this decision. How will these new expenses be funded? These are issues that require debate, testimony, studies, compromise — all part of the legislative process. We as a court are not equipped to play that role, as tempting and sympathetic as the facts in this case are.
The reality is that a workfare recipient is a welfare recipient whereas a wage-earner is supported by the Ohio employers who fund the workers’ compensation system. These employees are not similarly situated. Equal protection does not apply. Any such massive changes in the compensation system are best left to the legislature.
Moyer, C.J., concurs in the foregoing dissenting opinion.